## Donna Stearns v. Dairyland Insurance Company

[573 A.2d 692]

No. 88-477

Present: Allen, C.J., Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed March 16, 1990

*O'Neill and Crawford*, Burlington, for Plaintiff-Appellant.

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellee.

**Allen, C.J.** The plaintiff appeals from the grant of a motion for summary judgment against her in an action brought to recover damages for the death of her husband in an automobile accident. We affirm.

Plaintiff's husband collided with a vehicle operated by a fifteen year old high school student who was residing with his mother. On the day before the accident, the student had traded a Volkswagen for a Pontiac Grand Am, which he was operating at the time of the accident. The owners exchanged possession of the vehicles and executed a handwritten bill of sale. In addition, the student received the Certificate of Title to the Pontiac with the Assignment and Warranty of Title by Registered Owner section of that form completed by the previous owner. The stu-

dent intended to make repairs to the Pontiac until such time as he qualified for a driver's license. On the day after the student acquired the car, he took it for a drive and was involved in the accident.

The student was not insured under any policy of insurance of his own. His mother held a policy of auto insurance with defendant which extended coverage to members of her family residing in her household. This policy contained the following exclusions:

> B. We do not provide Liability Coverage for the ownership, maintenance or use of: . . .
>
> . . . .
>
> (3) Any vehicle, other than your covered auto, which is:
> a. owned by any family member; or
> b. furnished or available for the regular use of any family member

The Pontiac was not a covered vehicle as defined in the policy, and the defendant declined coverage, contending that it was owned by the student within the meaning of the exclusion. The sole question presented on appeal is whether the student owned the Pontiac at the time of the accident within the meaning of the "owned vehicle" exclusion in the mother's policy.

Plaintiff contends that the student did not own the Pontiac because the parties involved in the car exchange failed to comply with the requirements of the Uniform Motor Vehicle Certificate of Title and Anti-Theft Act (Act), 23 V.S.A. §§ 2001–2095. The relevant section of that Act upon which the plaintiff relies is § 2023(d), which provides as follows:

> Except as provided in section 2024 of this title and as between the parties, a transfer by an owner is not effective until the provisions of this section and section 2026 of this title have been complied with; however, an owner who has delivered possession of the vehicle of the transferee and has complied with the provisions of this section and section 2026 of this title requiring action by him is not liable as owner for any damages thereafter resulting from operation of the vehicle.

Because the student did not apply for a certificate of title or pay the fees required by § 2026, plaintiff argues that the transfer of ownership was not effective on the date of the accident and that, therefore, the exclusion does not apply. The other applicable provisions of § 2023 require only that the previous owner execute an assignment and warranty of title to the transferee and give or deliver the assignment and certificate to the transferee or to the Commissioner of Motor Vehicles. The transferror complied with these requirements by delivering the certificate and executing the assignment to the student. The payment of the fees under § 2026 was not required until the student-transferee applied for a new certificate of title. Certificates of title are required for all motor vehicles at the time of first registration or when a change of registration is required pursuant to the provisions of 23 V.S.A. § 321, because of a sale for consideration. See 23 V.S.A. § 2013. Section 321 provides that the registration of the transferred vehicle will expire upon transfer, but does not require that the transferred vehicle be re-registered. Registration is required only for motor vehicles that are to be operated on the public highway. At the time of the transfer, the student did not intend to drive the vehicle. He testified that, "I didn't have my license at that time and I was going to park it and fix it up." On the facts presented, to become owner of the vehicle, the student was not required to apply for a certificate of title at the time of delivery, and the transfer was effective within the meaning of § 2023(d).

Plaintiff cites numerous cases from other jurisdictions holding that failure to strictly comply with statutes pertaining to the transfer of title precludes the transfer of ownership. In these cases, however, the certificates were either not properly completed, assigned, or forwarded to the commissioner or registrar of motor vehicles as mandated by the applicable statutes. We note in this connection that, while the title for the Act in Vermont is the "Uniform Motor Vehicle Certificate of Title and Anti-Theft Act," it departs from the Uniform Act in one important aspect for the purposes of this case. In the transfer of interest section equivalent to § 2023, the Uniform Act requires that the transferee of the motor vehicle execute an application

for a new certificate of title and promptly forward it to the Department.* Unif. Motor Vehicle Certificate of Title Act and Anti-Theft Act § 14, 11 U.L.A. 441 (1955). The absence of this provision or one similar thereto obviated the need to pay the fees called for by § 2026. The other requirements of § 2023 had been complied with; the transferror delivered the certificate of title and executed the assignment to the student. Therefore, the transfer was "effective." The student was the owner of the Pontiac, and there is no coverage because of the exclusion in the defendant's policy.

*Affirmed.*

---

* Section 14, which the Legislature did not adopt as part of 23 V.S.A. § 2023, provides in pertinent part:

> the transferee shall, promptly after delivery to him of the vehicle, execute the application for a new certificate of title . . . and cause the certificate and application to be mailed or delivered to the Department [of Motor Vehicles].